# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES, | Case No. 1:17-cv-00396-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS** |
| v. | **(Doc. 1)** |
| RED ROBIN, | |
| Defendant. | |

Before the Court is the screening determination regarding Plaintiff's Civil Rights Complaint by a Prisoner (the "Complaint"). (Doc. 1.) For the reasons provided herein, the Court FINDS that the Complaint fails to state a claim on which relief may be granted. The Court therefore DISMISSES the Complaint with leave to amend within thirty days.

### I. BACKGROUND

On March 20, 2017, Plaintiff filed the *pro se* Complaint in this Court. (Doc. 1.) The Complaint includes a single claim, in which Plaintiff alleges that Defendant violated the "Equal Pay Compensation [sic] Act." (*Id.* at 3.) In support of this claim, the Complaint includes the following "[s]upporting [f]acts":

> [Plaintiff] was employed at Red Robin as a line cook for approx. 6 mos. During this 6 month period [Plaintiff] quickly excelled at learning both stations that this kitchen maintained. Now to be brief as possible [Plaintiff] was asking if not demanding that equal pay be granted to [Plaintiff] not only due to the fact that

> [Plaintiff] had been "cross-trained" in order to better serve [his] employer but more importantly the fact that a female employee had just voluntarily resigned. [Plaintiff] was "cross-trained" in order to take her position. [Plaintiff] was not granted the raise [he] was well deserving of nor were [his] hours increased to equal that of the female employee who just quit.

(*Id.*) As to the injury Plaintiff suffered, Plaintiff states that he "was not injured per se," but that he "immediately resigned in order to maintain and uphold [his] own mental stability" due "to an ongoing hostile work environment that [he] was enduring." (*Id.*)

On March 20, 2017, Plaintiff filed two documents requesting that he proceed *in forma pauperis* (the "Motion to Proceed *In Forma Pauperis*"). (Doc. 2.) Thus, the initial screening determination for the Complaint is currently before the Court.

## II. LEGAL STANDARD

Courts are required to "screen . . . an action filed by a plaintiff proceeding *in forma pauperis.*" *Shirley v. Univ. of Idaho, Coll. of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)); *see, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all *in forma pauperis* complaints" (emphasis added)). Under the relevant provisions relating to screening complaints, courts "shall dismiss the case at any time if the court determines that" (1) "the allegation of poverty is untrue," or (2) "the action . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A plaintiff's claim is frivolous 'when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" *Morales v. City of Bakersfield*, Case No.: 1:15-cv-01652-JLT, 2015 WL 9481021, at *1 (E.D. Cal. Dec. 29, 2015) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Dismissal for failure to state a claim "is proper where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *MCI Commc'ns Servs., Inc. v. Sec. Paving Co.*, Case No. 1:15-CV-01940-LJO-JLT, 2016 WL 1436521, at *2 (E.D. Cal. Apr. 12, 2016) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that

states a claim for relief must contain" the following: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." The pleading standard provided by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "In practice, 'a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (quoting *Twombly*, 550 U.S. at 562).

In determining whether a complaint states a claim, the factual "allegations in the complaint . . . are accepted as true and construed in the light most favorable to the plaintiff," *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), and "all doubts" are "resolve[d] . . . in the pleader's favor," *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (citation omitted). However, "to be entitled to the presumption of truth, . . . a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v.*

3

*Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Additionally, as Plaintiff is appearing *pro se* in this action, "the court must construe the pleadings liberally and must afford [the] plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). *See generally Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than a person who benefits from the representation of counsel." (citation omitted)). Nonetheless, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Finally, "[p]ro se complaints . . . may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)); *see, e.g.*, *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." (citation omitted)). Thus, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the [c]ourt may dismiss without leave to amend." *Melger v. Obama*, No. 2:16-cv-1527 AC P, 2017 WL 1213363, at *2 (E.D. Cal. Mar. 31, 2017) (citing *Cato*, 70 F.3d at 105–06).

### III.  DISCUSSION

The Complaint includes a single claim, in which Plaintiff alleges that he did not receive adequate compensation for his work for Defendant, as required by the Equal Pay Act. (*See* Doc. 1 at 3.) For the reasons that follow, the Court finds that this claim is not cognizable, but that it is appropriate to afford Plaintiff an opportunity to remedy any deficiencies by filing an amended complaint.

### A. The Complaint Does Not State a Cognizable Claim

The Complaint includes a single claim under the Equal Pay Act. (*See id.*) The Equal Pay Act provides the following, in relevant part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1). "The Equal Pay Act is broadly remedial, and it should be construed and applied so as to fulfill the underlying purposes which Congress sought to achieve." *Corning Glass Works v. Brennan*, 417 U.S. 188, 208 (1974). "It embodies the deceptively simple principle that employees doing equal work should be paid equal wages, regardless of sex." *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted).

"In an Equal Pay Act case, the plaintiff has the burden of establishing a prima facie case of discrimination by showing that employees of the opposite sex were paid different wages for equal work." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073–74 (9th Cir. 1999). "In broad terms, the [Equal Pay Act] defines what constitutes equal work by specifying that jobs are equal if their performance requires 'equal skill, effort, and responsibility' and they are performed under 'similar working conditions.'" *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (quoting 29 U.S.C. § 206(d)(1)). "The prima facie case is limited to a comparison of the jobs in question, and does not involve a comparison of the individuals who hold the jobs." *Stanley*, 178 F.3d at 1074 (citation omitted). Additionally, "it is actual job performance requirements, rather than job classifications or titles, that is determinative." *E.E.O.C. v. Maricopa Cty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (citing *Gunther v. Cty. of Wash.*, 623 F.2d 1303, 1309 (9th Cir. 1979)).

To constitute equal work, "[t]he jobs held by employees of opposite sexes need not be identical" and "inconsequential differences in jobs may be disregarded." *Hein*, 718 F.2d at 913–14

(citations omitted). Nonetheless, "[t]o make out a prima facie case, the plaintiff bears the burden of showing that the jobs being compared are substantially equal." *Stanley*, 178 F.3d at 1074 (citation omitted).

To satisfy the "substantially equal" requirement, the plaintiff must show that "the jobs to be compared have a common core of tasks." *Id.* at 1074 (citation omitted). In other words, the plaintiff must show that "a significant portion of the two jobs is identical." *Id.* (citation omitted). *See generally Rizo v. Yovino*, CASE NO. 1:14-cv-0423-MJS, 2015 WL 9260587, at *6 (E.D. Cal. Dec. 18, 2015) (noting that the "substantially equal" showing by the plaintiff is only the first step in this analysis; following this showing, the court then determines whether the two jobs are "substantially different" and, if the jobs are substantially equal, the burden then shifts "to the employer to demonstrate that the wage disparity is attributable to one of four statutory exceptions" (citations omitted)). "The question of whether two jobs are substantially equal is one that must be decided on a case-by-case basis." *Hein*, 718 F.2d at 913.

Turning to the instant case, the Complaint suffers from two prominent deficiencies. First, Plaintiff fails to include any allegation in the Complaint that another employee of a different gender who performed equal work as Plaintiff was actually *paid more* than Plaintiff. (*See* Doc. 1 at 3.) To the contrary, Plaintiff alleges that he "was not injured per se." (*Id.*) Plaintiff's failure to allege that he suffered harm by receiving less pay for equal work is fatal to Plaintiff's Equal Pay Act claim. *See, e.g.*, *Negley v. Judicial Council of Cal.*, 458 F. App'x 682, 684 (9th Cir. 2011) ("A prima facie unequal pay claim under the [Equal Pay Act] . . . requires the plaintiff to provide evidence that her employer (1) *paid an individual of the opposite sex more than her* (2) for substantially equal work." (emphasis added) (citing *Stanley*, 178 F.3d at 1074)).

Second, Plaintiff fails to include allegations that the job he performed and the job performed by the female employee were substantially equal. Instead, Plaintiff alleges only that he was "cross-trained in order to take" the female employee's "position." (Doc. 1 at 3.) However, this allegation fails to provide the requisite information necessary to make a determination under the applicable standard―namely, "whether the jobs to be compared have a common core of tasks, *i.e.* whether a significant portion of the two jobs is identical." *Stanley*, 178 F.3d at 1074 (emphasis

added) (citation omitted). Indeed, while Plaintiff may have received training for the female employee's position, those job tasks may have only constituted a minimal number of tasks associated with that position. Under this situation, Plaintiff would not have performed "substantially equal" work as the female employee. *See, e.g. id.* In short, absent allegations adequately addressing the relevant standard for "substantially equal" work, Plaintiff fails to state a claim of a violation of the Equal Pay Act. *See, e.g.*, *id.* at 1073–74.

For these reasons, the Court finds that Plaintiff has failed to state a cognizable claim under the Equal Pay Act. The Court therefore finds that Plaintiff's Complaint is properly dismissed.

**B.      Plaintiff May File an Amended Complaint**

As noted by the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, Plaintiff may be able to remedy the deficiencies in the Complaint through amendment. The Court therefore finds that it is appropriate to provide an opportunity for Plaintiff to file an amended complaint.

The Court cautions Plaintiff that "[a]n amended complaint must be legible, must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims." *Borders v. City of Tulare*, CASE NO. 1:16-cv-1818-DAD-SKO, 2017 WL 1106039, at *4 (E.D. Cal. Mar. 23, 2017). Additionally, "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint." *Id.* (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

The Court also declines to rule at this time on Plaintiff's pending Motion to Proceed *In Forma Pauperis*. (Doc. 2.) If Plaintiff files an amended complaint, it will be reviewed and the Court will make a determination regarding the Motion to Proceed *In Forma Pauperis*. However, if Plaintiff does not timely file an amended complaint or fails to cure the deficiencies identified in this Order, the Court will deny the Motion to Proceed *In Forma Pauperis* and recommend that the presiding district court judge dismiss the Complaint with prejudice and, consequently, terminate this case.

**IV. CONCLUSION**

For the reasons provided herein, the Court DISMISSES the Complaint, (Doc. 1), WITHOUT PREJUDICE and WITH LEAVE TO AMEND. The Court further ORDERS that Plaintiff may file an amended complaint, if he so chooses, **by no later than thirty (30) days from the date of this Order**.

Finally, the Court CAUTIONS Plaintiff that, if he fails to file a timely amended complaint in compliance with this Order, the Court will recommend that the presiding district court judge dismiss the Complaint *with prejudice* and, as such, terminate this case.

IT IS SO ORDERED.

Dated: **April 24, 2017**      /s/ *Sheila K. Oberto*
                               UNITED STATES MAGISTRATE JUDGE