# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RED ROBIN,<br><br>　　　　　Defendants.<br>_____ | Case No. 1:17-cv-00396-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 9)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

Before the Court is an amended complaint (the "Amended Complaint"), filed on June 29, 2017, by Plaintiff Moses Flores ("Plaintiff") against Defendant Red Robin ("Red Robin"). (Doc. 9.) The Court has screened the Amended Complaint and finds that, despite the Court's explicit recitation of the deficiencies in the original complaint, it fails to state any cognizable federal claims. Accordingly, the Court RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED without leave to amend.

## II. BACKGROUND

On March 20, 2017, Plaintiff, proceeding pro se and *in forma pauperis*, filed a complaint against Red Robin. (Doc. 1.) The original complaint included a single claim that Red Robin

violated the Equal Pay Act, 29 U.S.C. § 206 *et seq*. (Doc. 1 at 3.) The complaint alleged that Plaintiff was employed at Red Robin as a line cook, and, that during his six months of employment, he was "cross-trained" in order to take the position of a woman employee who later resigned. (*Id*.) The complaint further alleged that Plaintiff "was not granted the raise [he] was well deserving of nor were [his] hours increased to equal that of the female employee who just quit." (*Id*.)

On April 24, 2017, the undersigned found that Plaintiff's complaint failed to state cognizable claims under the Equal Pay Act. (Doc. 3.) The undersigned identified two prominent deficiencies of the Complaint: (1) "Plaintiff fails to include allegations that the job he performed and the job performed by the female employee were substantially equal;" and (2) "Plaintiff fails to include any allegation in the Complaint that another employee of a different gender who performed equal work as Plaintiff was *paid more* than Plaintiff." (Doc. 3 at 6.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case, and he was granted thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id.*)

On June 29, 2017, Plaintiff filed his Amended Complaint. (Doc. 9.) Like the original complaint, the Amended Complaint alleges that Red Robin violated "the Equal Pay Act." (*Id*. at 1.) With regard to the issue of whether the job performed by Plaintiff and the job performed by the woman employee were substantially equal, the Amended Complaint alleges the following:

> [Plaintiff] engaged in the same duties and responsibilities of the female employee who completed the same duties and responsibilities that Plaintiff performed. Both employees were expected to perform the similar if not exact task of preparing food items according to the standard operating procedure . . . .
>
> The fact is that the Plaintiff did in fact perform the exact same duties and responsibilities of preparing the same menu items in the same manner according to the standards of the facility as the female employee who voluntarily resigned, in fact the employer utilized this female employee to train the Plaintiff . . . .
>
> In fact being that the Plaintiff was already trained on one station prior to being trained on the cold station, suggests strongly that the Plaintiff did in fact perform and engage in slightly more duties and responsibilities than the female employee in question.

(*Id*. at 2.)

With regard to whether another employee of a different gender who performed equal work was actually paid more than Plaintiff, the Amended Complaint alleges the following:

> Is it possible to allege that Plaintiff was paid less [than the woman employee] based on the records of the employer? Plaintiff does not fully understand how to properly present this allegation to the courts due to the fact that the female employee refused to inform Plaintiff of her wages due to the fact that Defendants warned all back of the house employees not to discuss the rate of pay with one another . . . .
>
> Plaintiff is at this time unable to prove that a employee was in fact paid more than the Plaintiff. However the fact that two employees were unwilling to share their rate of pay strongly suggests the plausibility that employees were in fact paid different wages, for performing similar tasks, duties, and responsibilities.
>
> Plaintiff can only allege this rate difference due to the female employee's refusal to discuss rate of pay per the authority of Defendant, in turn the only way to solidly confirm this allegation is to bring this matter before a jury or the courts and bring in said witnesses to testify, as well as have the defendants provide the proper documentation of their records as evidence of whether or not individuals of opposite sex were in fact paid more.

(*Id*. at 2-3.)

After screening the Amended Complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint, Plaintiff has failed to state any cognizable federal claims for the reasons set forth below.

### III.     LEGAL STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the amended complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

//

The Court's screening of the amended complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing pro se, the Court must construe the allegations of the amended complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

//

# IV. DISCUSSION

**A.  The Amended Complaint Does Not State a Cognizable Equal Pay Act Claim.**

Turning to the instant case, the Amended Complaint claims that Red Robin violated the Equal Pay Act. (Doc. 9 at 1.) The Equal Pay Act provides the following, in relevant part:

> No employer having employees subject to any provision of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1). "The Equal Pay Act is broadly remedial, and it should be construed and applied so as to fulfill the underlying purposes which Congress sought to achieve." *Corning Glass Works v. Brennan*, 417 U.S. 188, 208 (1974). "It embodies the deceptively simple principle that employees doing equal work should be paid equal wages, regardless of sex." *Hein v. Or. Coll. Of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted).

"In an Equal Pay Act case, the plaintiff has the burden of establishing a prima facie case of discrimination by showing that employees of the opposite sex were paid different wages for equal work." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74. (9th Cir. 1999). "In broad terms, the [Equal Pay Act] defines what constitutes equal work by specifying that jobs are equal if their performance requires 'equal skill, effort, and responsibility' and they are performed under 'similar working conditions'" *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (quoting 29 U.S.C. § 206(d)(1)). "The prima facie case is limited to a comparison of the jobs in question, and does not involve a comparison of the individuals who hold the jobs." *Stanley*, 178 F.3d at 1074 (citation omitted). Additionally, "it is actual job performance requirements, rather than job classifications or titles, that is determinative." *E.E.O.C. v. Maricopa Cty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (citing *Gunther v. Cty. of Wash.*, 623 F.2d 1303, 1309 (9th Cir. 1979)).

//

To constitute equal work, "[t]he jobs held by employees of opposite sex need not be identical," and "inconsequential differences in jobs may be disregarded." *Hein*, 718 F.2d at 913-14 (citations omitted). Nonetheless, "[t]o make out a prima facie case, the plaintiff bears the burden of showing that the jobs being compared are substantially equal." *Stanley*, 178 F.3d at 1074 (citation omitted).

To satisfy the "substantially equal" requirement, the plaintiff must show that "the jobs to be compared have a common core of tasks." *Id.* at 1074 (citation omitted). In other words, the plaintiff must show that "a significant portion of the two jobs is identical." *Id.* (citation omitted). *See generally Rizo v. Yovino*, No. 1:14-cv-0423-MJS, 2015 WL 9260587, at *6 (E.D. Cal. Dec. 18, 2015) (noting that the "substantially equal" showing by the plaintiff is only the first step in this analysis; following this showing, the court then determines whether the two jobs are "substantially different" and, if the jobs are substantially equal, the burden then shifts "to the employer to demonstrate that the wager disparity is attributable to one of four statutory exceptions" (citations omitted)). "The question of whether two jobs are substantially equal is one that must be decided on a case-by-case basis." *Hein*, 718 F.2d at 913. Plaintiff has adequately alleged that the job performed by Plaintiff and the job performed by a female employee were substantially equal.

While Plaintiff has cured one of the deficiencies that plagued the original complaint, the Amended Complaint still fails to allege that the woman employee at issue was actually paid more than Plaintiff. The Amended Complaint alleges merely that the refusal by the woman employee to discuss her pay rate "strongly suggests the plausibility that employees were in fact paid different wages." (Doc. 9 at 2-3.) This allegation is insufficient as it merely speculates the woman's reason for refusing to discuss her pay rate. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. As Plaintiff himself contends in the Amended Complaint, Red Robin allegedly had a policy against discussing pay rates, and this just as plausibly could have been the woman's reason for refusing to discuss her pay rate with Plaintiff. (Doc. 9 at 2); *see, e.g.*, *Alegria v. U.S.*, No. 3:13-cv-00465-RCJ-WGC, 2013 WL 5818619, at *3 (D. Nev. Oct. 22, 2013) (finding that Plaintiff failed to allege facts giving rise to an Equal Pay Act claim because Plaintiff "does not specifically allege she was paid less than members of the opposite sex doing the same work").

In fact, Plaintiff concedes that he "is at this time unable to prove that a employee was in fact paid more than the Plaintiff." (Doc. 9 at 3.) Plaintiff apparently seeks to use the litigation process to learn whether the woman employee was actually paid more than him. (*See id.* at 3 ("[T]he only way to solidly confirm this allegation is to bring the matter before a jury . . . .").) The litigation process, however, is not intended as a means for litigants to learn whether they have legal claims. Plaintiff's failure to allege in the Amended Complaint that he received less pay than another employee of a different gender for equal work is fatal to Plaintiff's Equal Pay Act claim. *See*, *e.g.*, *Negley v. Judicial Council of Cal.*, 458 Fed.Appx 682, 684 (9th Cir. 2011) ("A prima facie unequal pay claim under the [Equal Pay Act] . . . requires the plaintiff to provide evidence that her employer (1) *paid an individual of the opposite sex more than her* (2) for substantially equal work." (emphasis added) (citing *Stanley*, 178 F.3d at 1074)).

**B.     Plaintiff Improperly States New Claims in the Amended Complaint.**

Finally, Plaintiff alleges in the Amended Complaint that Red Robin's policy prohibiting employees from discussing their wages violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Doc. 3 at 2-3.) Plaintiff also alleges that he was constructively discharged, and that such action by Red Robin constitutes retaliatory discrimination. To the extent that Plaintiff is seeking to add these new claims to the Amended Complaint, the undersigned recommends that those new claims be stricken from the Amended Complaint. (*See id.* at 7 (cautioning Plaintiff that "[he] may not change the nature of this suit by adding new, unrelated claims in his amended complaint") (quoting *Borders v. City of Tulare*, No. 1:16-cv-1818-DAD-SKO, 2017 WL 1106039, at *4 (E.D. Cal. Mar. 23, 2017))); *see also DeLeon v. Wells Fargo Bank*, N.A., No. 10-cv-01390-LHK, 2010 WL 4285006, *3 (N.D. cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (noting that the court had stricken a third amended complaint because plaintiff's new claims and the addition of new defendants "exceeded the authorization to amend the court granted").

## V. CONCLUSION AND RECOMMENDATIONS

While leave to amend must be freely given, the Court is not required to permit futile amendments. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, Plaintiff has failed to cure the deficiencies outlined in the Court's earlier order and, based upon the record and the facts set forth in pleadings filed by Plaintiff, it does not appear the deficiencies of the Amended Complaint can be cured by amendment. Thus, it appears that granting Plaintiff further leave to amend would be futile. *Lopez,* 203 F.3d at 1128 (dismissal is proper where it is obvious the plaintiff cannot prevail on the facts alleged and that an opportunity to amend would be futile).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's new claims in the amended complaint be STRICKEN;
2. Plaintiff's amended complaint be DISMISSED without leave to amend for failure to state a cognizable federal claim; and
3. The case be CLOSED.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

//
//
//

time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2017**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE