UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOSES FLORES,

            Plaintiff,

    v.

RED ROBIN,

            Defendants.

_____/

Case No. 1:17-cv-00396-LJO-SKO

ORDER ADOPTING IN PART FINDINGS
AND RECOMMENDATIONS

(Doc. 10)

## I.    BACKGROUND

On March 20, 2017, Plaintiff Moses Flores ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Red Robin ("Defendant"). (Doc. 1.) On April 24, 2017, the assigned magistrate judge found that Plaintiff's complaint failed to state a cognizable claim under the Equal Pay Act, 29 U.S.C. § 206. (Doc. 3.) The assigned magistrate judge provided Plaintiff with the applicable legal standards to determine whether he wished to continue to pursue this case, and granted Plaintiff thirty (30) days leave to file an amended complaint to attempt to cure the deficiencies identified in the order. (*Id.*) On June 29, 2017, Plaintiff filed an amended complaint. (Doc. 9.)

On November 28, 2017, the assigned magistrate judge issued findings and recommendations ("F&Rs") recommending that Plaintiff's amended complaint be dismissed with prejudice and without leave to amend. (Doc. 10.) Plaintiff was served with the F&Rs by mail, and was granted twenty-one (21) days in which to file objections to the F&Rs. (*Id*.) To date, no objections have been filed, and the period for filing objections has passed.

## II.     DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the F&Rs to be supported by the record and by proper analysis in all but one respect. The Court agrees with the F&Rs to the extent they find that the currently operative complaint fails to state a claim. However, because the amended complaint alleges facts that suggest the possible existence of viable causes of action, one final opportunity to amend is warranted.

### A.     Employer Retaliation Claims

In the amended complaint, Plaintiff alleges facts that could potentially be causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Equal Pay Act ("EPA"). Plaintiff states that Defendant retaliated against him for complaining about working conditions, "specifically the wages Plaintiff sought . . . ." Plaintiff alleges that because of these complaints, Defendant retaliated by dramatically reducing his working hours, effectively terminating his employment.

Employment retaliation claims can be brought under both Title VII and the EPA. *Lewis v. Smith*, 255 F. Supp. 2d 1054, n. 7 (D. Ariz. 2003). Title VII broadly prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C § 2000e-2(a). Title VII's antiretaliation provision, designed to prevent an employer from deterring employees from exercising their rights, "prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S. C § 2000e-3(a)).

To prevail on a Title VII retaliation claim, a plaintiff must establish a prima facie case showing that (1) he engaged in a protected activity, (2) he suffered an adverse employment decision, and (3) there exists a causal link between the protected activity and the adverse employment decision. *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 755 (9th Cir. 1997); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). "Protected activity encompasses participation in enforcing one's rights under Title VII or opposition to an employer's discriminatory conduct under Title VII." *Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1071 (E.D. Cal. 2013); *Learned v. City of Bellevue*, 860 F.2d 928, 932-33 (9th Cir. 1988).

After a plaintiff sets forth a Title VII prima facie retaliation case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If the defendant can articulate such a reason, the burden shifts back to the plaintiff to show that the reason was a pretext for a discriminatory motive. *Id.*

Where Title VII broadly protects employees from discrimination, the EPA more narrowly protects employees by setting a minimum wage and ensuring equal pay for equal work regardless of sex. 29 U.S.C. § 206; *Corning Glass Works v. Brennan*, 417 U.S. 188, 190 (1974). To ensure that employees are not risking their jobs to assert their wage and hour rights, the EPA included an antiretaliation provision making it unlawful for any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter …" 29 U.S.C. § 215(a)(3).

To show retaliation under the EPA, a plaintiff must assert a prima facie case similar to that of Title VII. *Lewis*, 255 F. Supp. 2d at 1064. First, the plaintiff must show that she engaged in a protected activity, such as filing a complaint or instituting a legal proceeding under the EPA. 29 U.S.C. § 215(a)(3); *Lambert v. Ackerley*, 180 F.3d 997, 1007-8 (9th Cir. 1999) (*en banc*). Then, when an employer counters that the adverse employment decision was based on unprotected reasons, "a plaintiff must show that her protected activities were a 'substantial factor' in the complained of employment action." *Lewis*, 255 F. Supp. 2d at 1064; *Knickerbocker v. City of Stockton*, 81 F.3d 907, 911 (9th Cir. 1996).

Assuming the above facts can be expanded upon, Plaintiff may be able to state a valid retaliation claim if he alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In general, Rule 15(a) of the Federal Rules of Civil Procedure "is very liberal and leave to amend 'shall be freely given when justice so requires.' " *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Because Plaintiff is *pro se*, this Court is compelled to permit Plaintiff leave to amend his complaint one last time. If no cognizable claim can then be made, this case will be dismissed with prejudice. No further amendments will be permitted.

## III.    CONCLUSIONS AND ORDER

For the reasons stated above:

1)  The F&Rs, filed on November 28, 2017 are ADOPTED IN PART;

2)  Plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND to state a claim of employer retaliation; and

3)  Any second amended complaint must be filed within 30 days of the date of this order.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   __**January 17, 2018**__          _____**/s/ Lawrence J. O'Neill**_____
                                                              UNITED STATES CHIEF DISTRICT JUDGE