# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES, | Case No. 1:17-cv-00396-LJO-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER** |
| v. | |
| RED ROBIN, | (Doc. 11) |
| Defendants. | **OBJECTIONS DUE: 21 DAYS** |

On June 29, 2017, Plaintiff Moses Flores ("Plaintiff") filed an amended complaint against Defendant Red Robin ("Defendant"). (Doc. 9.) Plaintiff had also filed an application to proceed *in forma pauperis* with his original complaint. (Doc. 2.) On November 28, 2017, the undersigned issued findings and recommendations that Plaintiff's amended complaint be dismissed, without leave to amend, for failure to state a cognizable federal claim. (Doc. 10.)

On January 18, 2018, the assigned district judge adopted the findings and recommendations in part, "agree[ing] . . . that the currently operative complaint fails to state a claim," but concluding that one final opportunity to amend was warranted. (Doc. 11 at 2.) The assigned district judge found, in particular, that the amended complaint alleged facts suggesting the possible existence of viable causes of action for retaliation under Title VII of the Civil Rights

Act of 1964 and the Equal Pay Act. (*Id.* at 2-3.) The assigned district judge ordered Plaintiff to file a second amended complaint, if any, within thirty days of the date of the order. (*Id.* at 4.) More than thirty days have elapsed without Plaintiff having filed a second amended complaint.

The Local Rules of the U.S. District Court for the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110 (citing Fed. R. Civ. P. 11). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why this action should not be dismissed for his failure comply with the Court's January 18, 2018 Order by not filing a second amended complaint within the specified period of time.** The Court further CAUTIONS Plaintiff that, if he fails to file this statement within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed in its entirety.

The Court further DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **March 1, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE