# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RED ROBIN,<br><br>　　　　　　Defendant.<br>_____/ | Case No. 1:17-cv-00396-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 17)<br><br>**OBJECTIONS DUE: 21 DAYS** |

Before the Court is a second amended complaint (the "Second Amended Complaint"), filed May 15, 2018, by Plaintiff Moses Flores ("Plaintiff") against Defendant Red Robin ("Red Robin"). (Doc. 17.) The Court has screened the Second Amended Complaint and finds that, despite the Court's explicit recitation of the deficiencies in the first amended complaint and the legal standards required to file an acceptable complaint (*see* Doc. 11), the Second Amended Complaint fails to state any cognizable federal claims. Accordingly, the Court RECOMMENDS that Plaintiff's Second Amended Complaint be DISMISSED without leave to amend.

### I.　　BACKGROUND

On March 20, 2017, Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, commenced this action against Red Robin pursuant to the Equal Pay Act ("EPA"), 29 U.S.C. § 206 et seq. (Doc. 1.) On April 24, 2017, the undersigned dismissed Plaintiff's complaint, but granted

Plaintiff leave to file an amended complaint. (Doc. 3.) On June 29, 2017, Plaintiff filed a first amended complaint. (Doc. 9.)

On November 28, 2017, the undersigned issued findings and recommendations that Plaintiff's first amended complaint be dismissed, without leave to amend, for failure to state a cognizable claim of discrimination under the EPA. (Doc. 10.) On January 18, 2018, the assigned district court judge adopted the findings and recommendations in part, "agree[ing] . . . that the currently operative complaint fails to state a claim," but concluded that one final opportunity to amend was warranted. (Doc. 11 at 2.) The assigned district judge found, in particular, that the amended complaint alleged facts suggesting the possible existence of viable causes of action for retaliation under Title VII of the Civil Rights Act of 1964 and the EPA, and granted 30-days leave to amend for the limited purpose of stating a claim of employer retaliation. (*Id.* at 2–4.) The assigned district judge cautioned Plaintiff that "[i]f no cognizable claim can then be made, this case will be dismissed with prejudice" and "[n]o further amendments will be permitted." (*Id.* at 4.)

Plaintiff did not file a second amended complaint within the 30-day deadline and on March 1, 2018, the undersigned issued an Order to Show Cause ("OSC") requiring Plaintiff to file a statement showing cause why the undersigned should not recommend to the assigned district court judge that the action be dismissed for Plaintiff's failure to comply with the Court's January 18, 2018 Order. (Doc. 12.) Plaintiff failed to respond to the Court's OSC and on March 28, 2018, the undersigned issued findings and recommendations that Plaintiff's amended complaint be dismissed with prejudice for failing to comply with the Court's orders. (Doc. 13.)

On April 16, 2018, Plaintiff filed a response to the Court's OSC requesting an extension of 180 days to file a second amended complaint on the ground that he "is unable to access the law library at the [prison] in order to do extensive research in order to understand and comprehend the court's terminology." (Doc. 14.) On April 18, 2018, the Court granted Plaintiff a 60-day extension of time and advised Plaintiff that extensive legal research would not be necessary given the clear standards set forth in the Court's January 18, 2018 Order. (Doc. 15.) The Court discharged the Court's OSC on April 19, 2018. (Doc. 16.)

2

On May 15, 2018, Plaintiff filed his Second Amended Complaint, which was also captioned as an Order Showing Cause and described as a response to the Court's April 18, 2018 Order. (Doc. 17.) In the Second Amended Complaint, Plaintiff alleges Red Robin violated the Equal Pay Act by retaliating against him for requesting equal pay for equal work while he was employed at Red Robin. With regard to the protected activity Plaintiff engaged in, the Second Amended Complaint alleges the following:

> The facts of this claim is that the Plaintiff did in fact engage in a protected activity that being the request of equal pay for equal work. This occurred when the Plaintiff was "cross-trained" to better serve and perform the services requested by the employer. The Plaintiff thus engaged in protected activity by meeting with Lisa Bradley who was a supervisor with the Defendant. This meeting was brief but specific as the Plaintiff complained that the Defendants were not properly documenting the Plaintiff's achievements that being the "cross-training" that had taken place.

(Doc. 17 at 1.) With regard to the adverse employment decision, Plaintiff alleges the following:

> The Defendant's response to the Plaintiff's complaint was in fact an act of constructive discharge in which the Defendant dramatically decreased the weekly hours of the Plaintiff. This act of constructive discharge namely the scheduling discrimination constitutes an act of retaliatory discrimination against the Plaintiff.

(*Id.* at 2.) Finally, with regard to the causal link between the protected activity and the adverse employment decision, Plaintiff alleges as follows:

> The plausibility of the above stated acts leads to the fact that there exists a casual [sic] link between the protected activity and the adverse employment decision in that the Plaintiff requested more hours from the Defendant and the Defendant drastically reduced Plaintiff's hours is evidence of the possibility that casual [sic] link exists.

(*Id.*) After screening the Second Amended Complaint, the Court finds that Plaintiff has failed to state any cognizable federal claims for the reasons set forth below.

## II.    LEGAL STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). If the Court determines that the amended complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the amended complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing pro se, the Court must construe the allegations of the amended complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

### III.     DISCUSSION

**A.    The Second Amended Complaint Does Not State a Cognizable Title VII Retaliation Claim**

Although Plaintiff does not mention Title VII in his Second Amended Complaint, the Court granted Plaintiff leave to amend to state a retaliation claim under Title VII and the Court will construe Plaintiff's allegations as such. Title VII broadly prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C § 2000e2(a). Title VII's antiretaliation provision, designed to prevent an employer from deterring employees from exercising their rights, "prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a)).

To prevail on a Title VII retaliation claim, a plaintiff must establish a prima facie case showing that (1) he engaged in a protected activity, (2) he suffered an adverse employment decision, and (3) there exists a causal link between the protected activity and the adverse employment decision. *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 755 (9th Cir. 1997); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). "Protected activity encompasses participation in enforcing one's rights under Title VII or opposition to an employer's discriminatory conduct under Title VII." *Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1071 (E.D. Cal. 2013); *Learned v. City of Bellevue*, 860 F.2d 928, 932-33 (9th Cir. 1988). Filing a formal or informal complaint regarding employment practices is a "protected activity," however, "in order to constitute a protected activity, the plaintiff's belief that the employer engaged in unlawful employment practices must be objectively reasonable." *Luckey v. Visalia Unified Sch. Dist.*, No. 1:13–cv–00332–AWI–SAB, 2013 WL 3166331, at *3 (E.D. Cal. June 20, 2013) (citing *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994) and *McCarthy v. R.J. Reynolds Tobacco Co.*, 819 F. Supp. 2d 923, 932 (E.D. Cal. 2011)).

Additionally, to establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the [Equal Employment Opportunity Commission ("EEOC")], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* at 1099 (citing 42 U.S.C. § 2000e–5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Id.* (citation, internal quotation marks, and alteration omitted). "The scope of the EEOC complaint determines the permissible scope of the claims that may be presented in district court." *Harshaw v. Lew*, No. 1:16–cv–00963–AWI–SKO, 2016 WL 3906913, at *2 (E.D. Cal. July 18, 2016). The EEOC complaint must be filed within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e) (1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). Once a person received this letter, he has 90 days to file suit. *Id.*

Here, Plaintiff makes no allegations in the Second Amended Complaint that he filed a claim with the EEOC or any other state or local administrative agency. Although Plaintiff attempts to incorporate the allegations in his previous complaints by reference,[1] the Court considers the merits of each complaint independently without reference to other documents or previous complaints. (Local Rule of the Eastern District of California 220 (requiring each pleading to be "complete in itself without reference to the prior or superseded pleading"); *Aljindi v. Northcentral Univ.*, No. 2:17–cv–01990–JAM–KJN, 2018 WL 1071202, at *7 (E.D. Cal. Feb. 23, 2018) ("As a general rule, an amended complaint supersedes the original complaint, and once the second amended complaint is filed, the prior complaints no longer serve any function in the case."). Accordingly, on its face, Plaintiff's Second Amended Complaint fails to state a cognizable claim under Title VII

---

[1] *See* Doc. 17 at 2 ("The events that transpired leading up to this retaliatory discrimination have been clearly identified in the Plaintiff's prior complaint.")

because Plaintiff failed to allege he exhausted his administrative remedies.

To the extent the Court looks to Plaintiff's previous complaints for allegations related to Plaintiff's exhaustion of his administrative remedies, Plaintiff's original complaint shows Plaintiff has not filed a claim with the EEOC. Specifically, in Plaintiff's original complaint, Plaintiff stated that he did not submit any request for administrative relief and explained that "I did not know if there was an appeal level, as I plead my case first to my immediate supervisor then to my G.M., both denied my claim." (Doc. 1 at 3.) Accordingly, because Plaintiff admits he did not file a complaint with the EEOC and the time for doing so has expired, the Court lacks jurisdiction to consider the matter. *Presas v. Roberts*, No. 1:15–cv–0044–JLT, 2015 WL 692088, at *3 (E.D. Cal. Feb. 18, 2015) (dismissing a complaint at the screening phase without leave to amend where Plaintiff admitted that he did not file a retaliation claim with the EEOC); *Thomas v. Rest.*, No. 1:15–cv–01113–DAD–SKO, 2015 WL 9583029, at *3 (E.D. Cal. Dec. 31, 2015) (dismissing a complaint at the screening phase where Plaintiff failed to allege that he filed a retaliation claim with the EEOC); *see also Walker v. U.S. Dep't of Commerce*, No. 1:11–cv–01195–SKO, 2013 WL 6592555, at *3 (E.D. Cal. Dec. 16, 2013) (holding the Court lacks jurisdiction where Plaintiff failed to raise a claim of retaliation in his EEOC complaint); *Mayo v. Recycle to Conserve, Inc.*, 795 F. Supp. 2d 1031, 1047 (E.D. Cal. 2011) (dismissing complaint where plaintiff failed to exhaust administrative remedies related to retaliation claim under Title VII).

### B. The Second Amended Complaint Does Not State a Cognizable EPA Retaliation Claim

Although the Court dismissed Plaintiff's discrimination claim under the EPA without leave to amend, the Court granted leave to allow Plaintiff the opportunity to state a claim of employer retaliation under the EPA. (Doc. 11 at 2.) To show retaliation under the EPA,[2] which is codified as part of the Fair Labor Standards Act ("FLSA"), "Plaintiff must show a similar prima facie case to a Title VII retaliation claim." *Lewis v. Smith*, 255 F. Supp. 2d 1054, 1064 (D. Ariz. 2003); *see also Franklin v. Sacramento Area Flood Control Agency*, No. CIV 07–1263 WBS GGH, 2009 WL

---

[2] Because the "EPA is an amendment to the FLSA . . . retaliation for filing EPA complaints . . . is analyzed under § 215(a)(3)," which is the FLSA's antiretaliation provision. *Lambert v. Ackerley*, 180 F.3d 997, 1014 (9th Cir. 1999).

7

2399569, at *18 (E.D. Cal. Apr. 29, 2009) ("Retaliation claims under the FLSA are subject to the same burden-shifting analysis as retaliation claims under Title VII."). That is, Plaintiff must show "he engaged in an activity protected by the FLSA, he suffered an adverse employment action subsequent to the protected activity, and a causal connection between the protected activity and the employment action." *Mayes v. Kaiser Found. Hosps.*, No. 2:12–cv–1726–KJM–EFB, 2014 WL 2506195, at *9 (E.D. Cal. June 3, 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

To constitute a protected activity under the FLSA, "an employee must actually communicate a complaint to the employer." *Lambert*, 180 F.3d at 1007. A complaint may be communicated either orally or in writing, and to either a regulator or the employer itself. *Glynn v. City of Stockton*, No. 2:15–cv–00529–KJM–CKD, 2016 WL 4009809, at *12 (E.D. Cal. July 26, 2016) (citing *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) and *Lambert*, 180 F.3d at 1007). An employer must have "fair notice" that an employee's complaint implicates the FLSA's antiretaliation provisions. *Kasten*, 563 U.S. at 13; *Rosenfield v. GlobalTranz Enters., Inc.*, 811 F.3d 282, 286 (9th Cir. 2015). Thus, "not all amorphous expressions of discontent related to wages and hours constitute complaints." *Lambert*, 180 F.3d at 1008. "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 563 U.S. at 14

Here, Plaintiff's Second Amended Complaint fails to allege facts that plausibly support the conclusion he engaged in protected activity under the EPA. Plaintiff alleges that he requested "equal pay for equal work" under the EPA when he met with his supervisor and complained that Red Robin was not properly documenting achievements at work including being "cross-trained" to better serve Red Robin. (Doc. 17 at 1.) The EPA does not guarantee an individual's right to have his employer record his achievements at work. Instead, the EPA protects the rights of employees of the opposite sex to be paid the same wages for equal work. 29 U.S.C. 206(d)(1) ("No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . ."); *see*

*also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073–74 (9th Cir. 1999) ("In an Equal Pay Act case, the plaintiff has the burden of establishing a prima facie case of discrimination by showing that employees of the opposite sex were paid different wages for equal work.").

Based on the facts alleged in Plaintiff's Second Amended Complaint, Red Robin was not provided "fair notice" that Plaintiff's complaint implicated the EPA because Plaintiff's "complaint" to his supervisor only related to Red Robin's records of Plaintiff's training. Plaintiff does not allege that he complained to his supervisor that Red Robin paid a female employee more than Plaintiff for the same work. Accordingly, because Plaintiff has not alleged that he asserted any right protected by the EPA when he met with his supervisor, Plaintiff did not engage in a protected activity under the EPA and Plaintiff's EPA retaliation claim must be dismissed for failure to state a cognizable claim. *See Kasten*, 563 U.S. at 14; *see also Phelps v. City of Parma, Idaho*, 707 Fed. Appx 503, 504 (9th Cir. 2017) ("[T]he district court correctly dismissed Phelps's FLSA claim on the ground that the City reasonably did not understand her to be raising a 'complaint' against it."); *Richard v. Carson Tahoe Reg'l Healthcare*, 635 Fed. Appx 371, 372 (9th Cir. 2016) ("Because Richard did not assert that any rights protected by the FLSA were being violated, she did not engage in protected activity under the FLSA[.]"); *Lenk v. Monolithic Power Sys., Inc.*, No. 15–cv–01148–NC, 2015 WL 6152475, at *4 (N.D. Cal. Oct. 20, 2015) (dismissing a complaint without leave to amend where Plaintiff complained to his supervisor that his employer was not in compliance with certain industry standards, but did not complain of a specific violation of the FLSA).

## IV. CONCLUSION

While leave to amend must be freely given, the Court is not required to permit futile amendments. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Here, Plaintiff has failed to state a claim for employer retaliation under either Title VII or the EPA and, based upon the record and the facts set forth in pleadings filed by Plaintiff, it does not appear the deficiencies of the Second Amended Complaint can be cured by amendment. Thus, it appears that granting Plaintiff further leave to amend would be futile. *Lopez*, 203 F.3d at 1128 (dismissal is proper where it is obvious the plaintiff cannot prevail on the facts alleged and that an opportunity to amend would be futile). Moreover, the Court expressly cautioned Plaintiff that "[n]o further

9

amendments will be permitted." (Doc. 11 at 4.)

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2), is GRANTED NUC PRO TUNC to the date of the application, March 20, 2017;
2. Plaintiff's Second Amended Complaint be DISMISSED without leave to amend for failure to state a cognizable federal claim; and
3. The case be CLOSED.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter. These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

10